Howdll, J.
Plaintiff, Helen A. Moore, demands of her father, one of the defendants, an account of his administration of the estate of her mother, who died on 27th August, 1855, alleged to consist, at the time, of lands, slaves; personal property, and a growing crop of sugar cane, corn, &c., and the revenues thereof; also, a judgment of partition decreeing her one-fourth of her mother’s estate in kind, or by licitation, secured by a tacit mortgage, alleging that her father failed to have an inventory made until March, 1862, when he contracted a second marriage, in which he omitted to include the crop of 1855, and other assets, and that he is liable as negotiorum gestor and natural tutor. The three other heirs, cited as defendants, appeared and joined in the prayer of the plaintiff. The father answered, admitting his liability to account for the growing crop of 1855, which he estimates at $20,000, net, alleging that the slaves, stock, and other movables were lost by the effect of the war without his fault; that he has settled in full with two of his children; that by law he had the usufruct of the decedent’s property until his second marriage in April, 1862, since which time the crops yielded no revenues, and praying that the demands of his said two children be rejected. The plaintiffs filed what is termed an opposition to this answer as not containing a full statement of his indebtedness, and claimed the rents of the lands, and movables, and hire of the slaves from the expiration of the usufruct to final partition.
Sosthene and Ennemond Boissac intervened, alleging that the defendant Edward Moore became their tutor on 10th February, 1858, and as such, he is indebted to each of them in the sum of $3,401 72, with legal interest, and a tacit mortgage from said date on all of his property; that this suit is instituted by fraud and collusion to cover his property with a mortgage in favor of his children, to whom he owes nothing, having paid them more than their shares in their mother’s estate, and praying that the demand for an account he rejected; that the defendant,. Edward-Moore, baye judgment against Ms children, severally, for the excess paid them, *160 with a tacit mortgage in his favor; that the partition prayed for be effected by a sale at auction for cash of all the community property; one-half of the proceeds to be allotted to the defendant, and the other half, less the amounts due him, to be divided among the four children; that the sums due them (intervenors) be paid out of the proceeds, which may be due to them from the sale here prayed for, and that a new inventory be made as a basis of said partition. Upon a special application by the heirs an inventory was ordered and made, and pending the proceedings, the defendant filed a new suit against his children, praying for a sale of the community property, to which they assented. This property was all sold in block for cash, purchased by two of the heirs, and the proceeds retained by them under another agreement, to be distributed by the judgment in this case. All the parties demanded the sale of the property.
Judgment was rendered, ordering the defendant, Edward Moore, to account for $57,331, including the crop of 1855, one-fourth to each heir, requiring one to collate $8000, granting them a legal mortgage on the real estate of their father, from 26th August, 1855, and condemning the intervenors to pay costs of intervention; from which judgment the intervenors have appealed. They contend that the defendant owes nothing to his children, that their own legal mortgage attaches, and that their claims, liquidated by judgment with mortgage, must be paid out of the proceeds of the property sold.
The first question to be settled is, whether cr not the growing crop of 1855 was community property?
By the act of 1844, (p: 99,) the defendant held in usufruct, from the moment of her death, the share of his deceased wife in the community inherited by their children, (see 12 A. 457); and it was held in the Succession of Fitzwittiam, 3 A. 489, that the usufruct under this statute is governed by the rules relating to that subject in the Code. Art. 538, C. G. declares that “ the natural fruits or such as are the produce of industry, hanging by branches or by roots, at the time when the usufruct is open, belong to the usufructuary. Fruits in the same state at the moment when the usufruct is at an end belong to the owner, without being obliged to compensate the other for either work or seeds.” The failure of the husband to open the succession of his wife, and inventory the property of the community, or give bond, if necessary, does not annul or suspend the statutory usufruct, nor make him liable to account to the children of the marriage for the moneys due to him from the moment the usufruct accrued. He is in possession of right, and has a right to so remain until a partition. (See Succession of Viaud, 11 A. 297.) Hence, the defendant in this case was not bound to account to his children for the crop of 1855, which was hanging by the branches or by the roots, at the death of his wife, on the 27th August, of that year, and it must be omitted in fixing his indebtedness.
It is shown that in 1863, he sold mules, sheep, and other stock, belonging to the community, to the amount of $4,370; one-half thereof coming to his children is $2,185, adding to which four years’ interest at five por cent., $437, makes $2,622 due the latter for said item. The rents of the whole property for 1862,1863,1864 and 1865, are shown to be $20,000, and *161 the rent for 1866, @8000; the half of these is @14,000, and the interest at 5 per cent, from the end of each year is @1,450, making- @15,450, which, added to the first item for the stock, makes @18,072, as the total in favor of the four heirs, and the sum of @4,518 apparently due to each by tbe defendant.
But only the portion coming to plaintiff, Mrs. Carter, less the sum of @716 40, already received by her at different dates, is secured by a legal mortgage, as the record shows that she is the only one of the children who was ever subject to tutorship; and as we are authorized only to settle the rights of the parties, as between the appellants and appellees, and not between the appellees inter sese, they not having joined in the appeal, we cannot render judgment against the father for the sums in favor of the children respectively. The only interest which the appellants, who are the intervenors, can have in this litigation is to secure their mortgage rights against the defendant, their tutor, and to do this they'can show-what sums with mortgage, if any, have preference over their mortgage; and we have seen that only Mrs. Carter’s claim for @3,801 60, against her father, has such preference.
It is therefore ordered that so much of the judgment appealed from as recognizes and grants a legal mortgage in favor of plaintiff and her co-heirs on the real property of defendant, Edward Moore, from 26tb August, 1855, and condemns the intervenors to pay costs of intervention be reversed; and it is now ordered that the plaintiff, Mrs. Helen A. Moore, wife of Eugene Carter, be decreed to have a legal mortgage, dating from August 26th, 1855, for the sum of @3,801 60, on the real property of the defendant, Edward Moore, and to be paid said sum by preference out of the one-half of the proceeds, in the hands of the purchasers, of the community property, sold herein, on 5th January, 1867, coming to the defendant, her father. And it is ■ further ordered, that the intervenors, Sosthene M. and Ennemond Boissac, be decreed to have a legal mortgage, dating from the 10th February, 1858, on the real property of the said defendant, Edward Moore, for the amounts of their judgments respectively, rendered on the 15th May, 1867, in suits Nos. 445 and 740 on the docket of the Fifth Judicial District Court for the parish of Iberville, and that said judgments, interests and costs, be paid next in rank to the said Mrs. Helen A. Moore, wife, <fcc., with vendor’s lien on the property sold herein out of the said proceeds in the hands of the purchasers of said community property, coming to the defendant, Edward Moore, with their costs of intervention in the lower court, and if not paid, execution to issue in their favor under this decree.
It is further ordered that, as thus altered and amended, the judgment of the District Court be affirmed. The appellees to pay costs of appeal.
Rehearing refused.